UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MONA SHEA MILLER, APPEARING AS PERSONAL REPRESENTATIVE AND AS ADMINISTRATRIX OF THE ESTATE OF DECEDENT, GREGORY TRAMAINE MILLER | * * * * * | CIVIL ACTION NO: |
| | * | MAGISTRATE DIVISION: |
| VERSUS | * * | |
| THE ALABAMA GREAT SOUTHERN RAILROAD COMPANY | * * | |

**************************************

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes the Plaintiff, Mona Shea Miller, appearing individually and as personal representative and administratrix of the estate of her natural child the decedent, Gregory Tramaine Miller, who respectfully represents as follows:

1. Named Defendant herein: The Alabama Great Southern Railroad Company, including its owners and parent companies, including, but not limited to Norfolk Southern Railway Company and Norfolk Southern Corporation [hereinafter "AGS"].

2. This Honorable Court possesses federal question jurisdiction with regard to the Plaintiff's claims on behalf of the decedent Gregory Miller against his railroad employer, the Defendant, AGS, by virtue of 28 U.S.C. § 1331.

3. Plaintiff's claims, on behalf of the decedent Gregory Miller, against AGS arise under the provisions of the Federal Employer's Liability Act ["FELA"], 45 U.S.C. § 51, *et seq*.

4.     Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(c) as the Defendant, AGS, owns, operates, and maintains trains, rail yards, and mainline railroad tracks in Orleans Parish, resulting in AGS having sufficient minimum contacts in the Eastern District of Louisiana to establish venue in this Court.

5.     The Defendant, AGS, is a non-Louisiana business corporation with its principal business establishment in Louisiana in the Parish of Orleans, doing business under the name Alabama Great Southern Railroad, and as such, engages in interstate commerce as a common carrier by railroad.

6.     This cause of action arises under the provisions of the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq*., commonly referred to as FELA, to recover damages for wrongful death, survival, and personal injuries sustained by the decedent, Gregory Miller, a conductor trainee, while employed by his railroad employer Defendant, AGS; the decedent's ultimate death, injuries, and compensable damages sustained occurred in the line of duty while decedent was engaged in AGS' principal business of transporting freight in interstate commerce.

7.     Defendant, AGS, is liable to the Plaintiff and the decedent, its employee, Gregory Miller, for all of the damages he sustained, as well as all general and equitable relief, together with legal interest thereon from the date of judgment until paid, and for all costs of these proceedings for the following reasons to-wit:

8.     On or about August 12, 2015, the Defendant, AGS was engaged in switching and coupling rail cars within its customer, Lone Start Gas Company's, industrial facility located in Petal, Mississippi as part and parcel of its business of moving freight in interstate commerce; Defendant, specifically through its agents, servants, or employees, engaged in the acts of

switching and coupling together rail cars in interstate commerce, those acts being necessary to assemble trains traveling in interstate commerce between the various states.

9. As part of this switching and coupling operation, on the above-mentioned date, Defendant had employed Plaintiff as its conductor trainee, who was carrying out his job function in his usual and customary safe manner.

10. On the date aforementioned, the Defendant, through its agents, servants, and/or employees, carelessly, recklessly, and/or negligently caused one of its rail cars to slam into the decedent Gregory Miller, crushing and pinning his body against the knuckle of another rail car causing numerous severe bodily injuries, which ultimately led to the death of the decedent.

11. Plaintiff avers that at the time of his death and injuries, Gregory Miller was an able-bodied railroad worker, that as a direct cause, in whole or in part, of Defendant's negligence under the Federal Employer's Liability Act (FELA), Plaintiff received severe, debilitating, and crushing injuries to his body, resulting in enormous physical and mental pain and suffering, until he ultimately died, which resulted in conscious pain and suffering as well as economic losses, for which Plaintiff demands full recovery as itemized in paragraph 13.

12. Plaintiff further avers that Defendant, through their agents, servants, and employees negligently and carelessly failed to provide him with a reasonably safe place to work in violation of the provisions of the FELA, 45 U.S.C. § 51, *et seq*., thereby causing and/or contributing to the aforementioned accident, damages and death; and the negligence of AGS includes, but is not limited to the following acts to-wit:

    A. In that AGS, in violation of its non-delegable duty, failed to provide Plaintiff with a reasonably safe place to work;

B. In that AGS failed to provide safe working conditions, and properly located equipment where Plaintiff was performing his duties in the manner required by Defendant;

C. In that AGS failed to provide proper assistance and training to Plaintiff to perform his duties;

D. In that AGS failed to exercise due care and caution commensurate with the surrounding circumstances; and

E. In that AGS violated the provisions of the Federal Safety Appliances Act, 49 U.S.C. § 20302, which render it absolutely liable under federal law.

F. In that the controlling locomotive, its parts and appurtenances, were not in proper condition and safe to operate without unnecessary danger of personal injury, rendering AGS absolutely liable under the Locomotive Inspection Act, 49 U.S.C.A. § 20701, *et seq*.

G. In that AGS violated other regulations enacted in for safety of railroad workers found title 49 of the Code of Federal Regulations.

H. Other acts and omissions of negligence, which will be fully enumerated at the trial of this matter.

13. Plaintiff demands all damages reasonable in the premises and specifically itemizes the following damages for which he seeks recovery:

A. Survival Action Damages for the Conscious Physical Pain and Suffering of Gregory Miller;

B. Survival Action Damages for the Conscious Mental Pain and Suffering of Gregory Miller;

C. Loss of Financial Support, including the value of wages, money, benefits, good, and services Gregory Miller would have contributed to his surviving beneficiaries;

    D. All wrongful death damages recoverable under F.E.LA., 45 U.S.C. § 51, *et seq*.

    E. Loss of Services;

    F. Loss of Companionship;

    G. Medical and Funeral Expenses;

14. Plaintiff reserves the right to supplement and amend this Complaint, as additional facts become known to him.

15. Plaintiff is entitled to and demands a trial by jury.

WHEREFORE, Plaintiff, Mona Shea Miller, appearing individually and as personal representative and administratrix on behalf of her natural child the decedent, Gregory Tramaine Miller, prays that Defendant, the Alabama Great Southern Railroad Company, be duly served with a copy of this Complaint and be summoned to appear and answer same and after due proceedings are held that there be Judgment granted herein in favor of the Plaintiff and against the Defendant, the Alabama Great Southern Railroad Company, for all sums reasonable in the premises, together with legal interest thereon from the date of judgment, until paid, for all costs of these proceedings and for all general and equitable relief.

**Date:  September 24, 2015**        Respectfully Submitted,

        **DAVIS, SAUNDERS, MILLER & ODEN, PLC**

BY:    */s/ Benjamin B. Saunders*
    **BENJAMIN B. SAUNDERS #11733**
    **JOSEPH M. MILLER #30636**
    **CARISA GERMAN-ODEN #31463**
    400 Mariners Plaza Drive, Suite 401
    Mandeville, Louisiana  70448
    Telephone: (985) 612-3070
    Facsimile:  (985)612-3072
    **Attorneys for Plaintiff,**
    **Mona Shea Miller, et al.**

5