UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MONA SHEA MILLER                                CIVIL ACTION

VERSUS                                          NO: 15-4660

ALABAMA GREAT SOUTHERN                          SECTION: "H"(4)
RAILROAD COMPANY

### ORDER AND REASONS

At oral argument on Defendant's Motion to Transfer Venue (Doc. 9), the Court granted the Motion and ordered that the case be transferred to the Southern District of Mississippi. These reasons follow.

### BACKGROUND

Plaintiff brings this case under the Federal Employers' Liability Act ("FELA") as the administratix of the estate of her deceased son Gregory Tramaine Miller. Mr. Miller was killed on August 12, 2015, when he was caught between two railcars that were being coupled together at a facility in Petal, Mississippi. Defendant Alabama Great Southern Railroad Company ("AGS") was Plaintiff's employer at the time of the incident, and the parties

do not dispute that he was engaged in his employment with AGS at the time of his death.

Defendant filed the instant motion requesting that the case be transferred to the Southern District of Mississippi, Eastern Division, as this is where the accident occurred, where Mr. Miller resided and worked, where Plaintiff resides, and where the majority of potential fact witnesses are located. Plaintiff opposes this Motion.

## LAW AND ANALYSIS

### I. Applicable Law

Defendants argue that this Court should transfer this action pursuant to 28 U.S.C. §1404, which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." As a threshold matter, it must be established that the transferee venue is one where the suit could have been brought. Once that is established, the Fifth Circuit has held that courts should apply the public and private interest *forum non conveniens* factors enunciated in by the Supreme Court in *Gulf Oil Corp. v. Gilbert* in determining whether good cause for venue transfer exists pursuant to § 1404 (a).

The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the

2

attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."[1] The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."[2] Because the remedy under §1404 is transfer rather than dismissal, plaintiff's choice of forum should be given less weight in a §1404 case than in a *forum non conveniens* case where the remedy is dismissal.[3] Moreover, where a plaintiff has not brought suit in his home forum and the cause of action did not occur in the forum, his choice of forum is given less weight.[4]

Plaintiff argues that a more stringent standard should apply in FELA cases. She bases this argument on language in *Boyd v. Grand Trunk W. R.R. Co.* stating that the plaintiff's ability to select the forum under FELA is a "substantial right."[5] District courts throughout this circuit have, however, concluded that analysis under the *Gilbert* factors is appropriate in a FELA case.[6] Indeed, a section of this district recently transferred a FELA case

---

[1] *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 315 (5th Cir. 2008)
[2] *Id.*
[3] *Id.*
[4] *Piper Aircraft Co.*, 454 U.S. 235, 255 (1981).
[5] 338 U.S. 263, 266 (1949).
[6] *See, e.g., York v. Union Pacific R.R. Co.*, No. 07-cv-169, 2008 WL 5069835, at *2 (E.D. Tex. Feb. 13, 2008); *Nagra v. Nation R.R. Passenger Corp.*, No. 10-1612, 2010 WL

3

under a similar factual scenario based on this standard.[7] Plaintiff's argument relies primarily on two unreported cases out of the Eastern District of Pennsylvania.[8] These cases are not persuasive as they turn on distinct facts. Accordingly this Court will follow the line of cases originating in this circuit and apply the *Gilbert* factors.

## II. Application of the Factors

The parties do not dispute that the case could have been brought in the Southern District of Mississippi. Accordingly, the Court may proceed directly to an analysis of the relevant factors. As outlined below, the factors indicate that transfer is appropriate.

### A. Private interest factors

As previously noted, the private interest factors include "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."[9] As to the first factor, access to sources of proof would be much easier in the Southern District of Mississippi, as the incident occurred just a few miles from the federal courthouse in Hattiesburg. With regard to the second factor, compulsory process would be available for many,

---

3325640, at n. 1 (W.D. La. August 20, 2010); *Tridle v. Union Pacific R. Co.*, No. 07-cv-213, 2008 WL 4724854, at *2 (E.D. Tex., Oct. 15, 2008).

[7] *Johnson v. Union Pacific Railroad Company*, 15-cv-3558, 2015 WL 7777983 (E.D. La. Dec. 2, 2015).

[8] *Abbott v. CSX Transp., Inc.,* No. 07-2767, 2008 WL 4522481 (E.D. Pa. Oct. 8, 2008); Askew v. CSX Trasp., Inc., No. 05-5915, 2008 WL 4347530 (E.D. Pa. 2008).

[9] *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 315 (5th Cir. 2008)

if not all, of the witnesses in Mississippi, while it would be unavailable here. Additionally, the cost of obtaining witness attendance in this district would likely be higher. The fourth factor likewise indicates in favor of transfer, as the Defendant correctly notes that all aspects of the accident, the parties, and the witnesses are located in the Southern District of Mississippi and Plaintiff can point to nothing to make trial in this District easier, more expeditious, or less expensive.

### B. Public Interest Factors

The public interest factors include "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."[10] This Court has been presented no evidence of court congestion on the docket of the Southern District of Mississippi. Accordingly, this factor is neutral. The second factor favors transfer of the case. Mississippi has a greater interest than Louisiana in adjudicating this suit, which deals with an accident that took place within its borders involving its citizens. Factor three is neutral, as FELA cases are governed by federal law, giving both this court and the Southern District of Mississippi sufficient familiarity with the applicable law. Factor four is not relevant. Accordingly, the Court concludes that most of the relevant factors

---

[10] *Id.*

indicate that the case should be transferred to the Southern District of Mississippi.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Transfer (Doc. 9) is **GRANTED**.

New Orleans, Louisiana this 29th day of February, 2016.

                          _____
                          **JANE TRICHE MILAZZO**
                          **UNITED STATES DISTRICT JUDGE**